UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KUPENDA YOUNG, #351511,

    Petitioner,

v.    ACTION NO. 2:08CV339

GENE JOHNSON,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. This Court recommends granting Respondent's Motion to Dismiss (Doc. 12), and dismissing the petition.

### I. STATEMENT OF THE CASE

#### A. Background

Petitioner Kupenda Young was convicted in the Circuit Court for the City of Williamsburg and James City County of second degree murder and abduction. On October 17, 2005, he was sentenced to thirty years for murder and five years for abduction.

Petitioner's direct appeal of his convictions to the Virginia Court of Appeals was denied on May 4, 2006, and the Virginia Supreme Court refused Petitioner's petition for appeal on October 5, 2006. On August 9, 2007, Petitioner executed a habeas petition which was dismissed by the Circuit Court on February 4, 2008. Petitioner did not appeal the Circuit Court's denial of habeas relief. On September 8, 2008, Petitioner executed a second habeas petition which was dismissed by the

Virginia Supreme Court on November 5, 2008.

Petitioner, presently in the custody of the Virginia Department of Corrections at the Powhatan Correctional Center in State Farm, Virginia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 18, 2008, and amended the petition on September 25, 2008. On November 13, 2008, the respondent filed a Rule 5 Answer and Motion to Dismiss the amended petition. Petitioner filed an opposition to the Motion to Dismiss on December 3, 2008, and this matter is now ripe for adjudication.

### B. Grounds Alleged

Petitioner asserts the following entitle him to relief under 28 U.S.C. § 2254:

1. the evidence was insufficient to sustain a conviction;

2. the court denied his motion for appointment of counsel to assist him with his first habeas petition in violation of the Equal Protection Clause;

3. he was denied effective assistance of trial counsel due to his counsel's failure to:

    a. do what was legally necessary to prevent the trial jurors from rendering inconsistent verdicts;

    b. present the trial court with counsel's argument that the jury instructions addressing concert of action and principal in the second degree had confused the trial jurors, resulting in the Virginia Court of Appeal's finding that Rule 5A:18 barred consideration of that claim on appeal;

    c. object to the trial court constructively amending the murder indictment returned by the grand jurors by broadening via Jury Instruction No. 10 the possible bases for conviction;

    d. consult with Petitioner on the decision to permit Mark Jenkins to testify as an adverse witness in Petitioner's case after the prosecutor warned, "I don't believe that what Mr. Jenkins has to say is in Mr. Young's best interest;"

e. consult with Petitioner on the decision not to allow defense witness Jontae Bennafield to testify after counsel had concluded that Bennafield's testimony was relevant and material to Petitioner's defense; and,

f. utilize certain letters that Petitioner had furnished counsel to impeach the credibility of witness for the prosecution Martin-Blackmon concerning her continued contact with Petitioner subsequent to his charges.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Petitioner's action here is barred by the statute of limitations. The statute of limitations for claims under 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . .

28 U.S.C. § 2244(d)(1)(A). The Virginia Supreme Court denied Petitioner's direct appeal on October 5, 2006. The Petitioner did not file a Petition for Writ of Certiorari in the United States Supreme Court. Therefore, the one-year statutory period of limitations for filing Petitioner's federal habeas petition began running when the time for seeking certiorari expired, January 3, 2007 (ninety days after the highest state court ruled). See Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir 2000).

Under 28 U.S.C. § 2244(d)(2) the statute of limitations clock is paused during the time that a petition for state collateral review is pending. Section 2244(d)(2) provides:

> the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the whole duration of state collateral review, from the time the initial petition is filed until the final ruling is made, including any gaps in

between. See Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). However, while 28 U.S.C. § 2244(d)(2) pauses the clock during a pending state collateral review it does not reset the clock. See Harris, 209 F.3d at 327.

Petitioner filed a habeas petition with the Circuit Court on August 9, 2007, pausing the clock after over seven months had expired. The petition was dismissed on February 4, 2008, and Petitioner did not appeal the decision to the Virginia Supreme Court, so the clock began to run again on the five months remaining in which to file a federal petition.[1] Petitioner had until approximately June 30, 2008, to file his habeas petition.[2] Petitioner did not file the current petition until September 25, 2008, approximately three months after the statute of limitations deadline. This Court cannot reach the merits of Petitioner's claims, because the claims are barred by the statute of limitations.

## III. RECOMMENDATION

For the foregoing reasons, the Court recommends the respondent's motion to dismiss be GRANTED, and the petition for writ of habeas corpus be DISMISSED as barred by the statute of limitations.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the

---

[1] Petitioner asserts he filed a "Notice of Appeal" with the Virginia Supreme Court to appeal the denial of his first habeas petition, and he provides an unsigned undated copy of the "Notice of Appeal." (Pet. Opp. to Mot. to Dismiss, p. 4 and Ex. A.) The state court records do not contain this document. Instead, the state court records contain a letter indicating no petition for appeal had been filed and the time to do so had expired.

[2] The petition filed with the Virginia Supreme Court on September 8, 2008, was successive and filed after the limitations period. Therefore, that petition did not toll the federal limitations period.

4

foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based upon such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
March 6, 2009

5

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Kupenda Young, #531511
Powhatan Correctional Center
State Farm, VA 23160

Leah Ann Darron, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

                                          Fernando Galindo, Clerk

                                          By _____
                                                Deputy Clerk

                                          March 9, 2009